## THE COLUMBUS.[1]

### SMITH *v.* THE COLUMBUS.

*(District Court, E. D. New York.  October 6, 1890.)*

1. SEAMAN'S WAGES—AGREEMENT NOT TO SUE UNTIL SPECIFIED TIME.
    The agreement of a seaman not to bring suit for his wages, if discharged, until a certain time after such discharge, is valid where the vessel on which he is employed is a harbor vessel, unable to leave the port, and where there is no voyage or limitation of the time of service.

2. SAME—WRITTEN AGREEMENT—PREMATURE SUIT.
    When a seaman, by written instrument, agreed that if discharged the wages due him should be payable on the next regular pay-day of his employer, and on being discharged commenced suit for his wages without waiting for such pay-day, the suit was premature.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

In Admiralty. Suit for seaman's wages.
*Anson Beebe Stewart*, for libelant.
*Goodrich, Deady & Goodrich*, for claimant.

BENEDICT, J. This action is brought to recover wages for services rendered by the libelant as engineer on the dredge Columbus, a dredge employed in dredging in the port of New York. The libelant was employed in August by a verbal agreement. On August 27th he entered into a written agreement. On the 10th day of September he was discharged for drunkenness, and at once commenced this suit to recover wages for the time of his employment to the time of his discharge. The defense is that the suit is premature. Upon the case coming on for trial, the validity of the clause in the written agreement upon which the defense is based was disputed by the libelant, and it was agreed that this point should be disposed of preliminarily in order to avoid trouble and expense. The written contract relied on by the claimant is as follows:

"This agreement between the North American Dredging and Improvement Company of New York and Frederick Smith witnesseth: That said Frederick Smith agrees to work for said company in the capacity of 2nd engineer on the dredge Columbus, at the rate of $60.00 monthly wages, to be paid on the Saturday following the 15th of each month, for all work done in the preceding month. It is further agreed by said Frederick Smith that in case he voluntarily leaves the employ of the company, or is discharged for drunkenness, refusing to obey orders, or neglect of duty, that his wages then accrued shall be due and payable on the next ensuing regular monthly pay-day of the company. The said company reserves the right to discharge the said Frederick Smith whenever the exigencies of its business seem to them that his services are no longer required or desirable, in which case they agree to pay him in full on presentation of time-check at its office.

"THE NORTH AMERICAN DREDGING & IMPROVEMENT COMPANY.
"By B. C. HOWELL, Prst.
"FREDERICK SMITH.
"Dated *August 27th*, 1890.
"Witnessed by C. L. McMILAN."

If the provision of this agreement in regard to the day of payment is valid, the suit is premature as to the wages earned after the signing of the written agreement, because they were not payable until the 26th day of September, whereas the libel was filed on the 12th of September.

On the part of the libelant it is insisted that the stipulation in the contract referred to is unconscionable and void, and should not be enforced in a court of admiralty. I am unable to discover any just ground for declaring the provision in question in a contract of this character to be void. If this were a contract for the services of a seaman on board a vessel liable to leave the port, and where delay from the time of discharge until the Saturday following the 15th of the month might in some cases deprive the seaman of an opportunity to seize the vessel for his wages, the case would doubtless be different. But the present case is one of services on board a dredge employed exclusively in dredging in the port of New York, unable to leave the port, and where there is no voyage or limitation of the time of service. In such a case it is not seen how such a stipulation as this contract contains can work injustice.

Moreover the contract, while it postpones payment of wages by the employer to a future definite day, also contains provisions to the advantage of the employe; as, for instance, it gives the libelant the right to demand on the 25th of September wages up to the 12th of September, notwithstanding the fact that he had been discharged for drunkenness on the latter date. To such a contract the decisions made in favor of seamen upon ships do not seem to me to be applicable. So far as the wages earned after the written contract are concerned, the suit will be held to be premature.